TODD P. BLAKELY
GARY J. CONNELL
SABRINA C. STAVISH
JOSEPH E. KOVARIK
SUSAN PRYOR WILLSON
LEWIS D. HANSEN
ROBERT R. BRUNELLI
DOUGLAS W. SWARTZ
BRUCE A. KUGLER
BRENT P. JOHNSON
BENJAMIN B. LIEB
BRADLEY M. KNEPPER
MIRIAM DRICKMAN TRUDELL
ROBERT D. TRAVER, Ph.D.
MARK L. YASKANIN
CRAIG W. MUELLER
PAUL S. CHA
SARAH J. MILLER
DARLA G. YOERG, Ph.D.
DAVID L. WALKER
IAN R. WALSWORTH
JOHN C. STOLPA, Ph.D.

## SHERIDAN ROSS

*A Professional Corporation*
ATTORNEYS AND COUNSELORS AT LAW

1560 BROADWAY
SUITE 1200
DENVER, COLORADO 80202-5141

TELEPHONE (303) 863-9700
FACSIMILE (303) 863-0223
E-MAIL srlaw@sheridanross.com

PATENTS
TRADEMARKS
COPYRIGHTS
——
PHILIP H. SHERIDAN
1923-2006

KERMITH F. ROSS
1910-1986

OF COUNSEL
DAVID F. ZINGER
SCOTT R. BIALECKI
JASON H. VICK*
KATHLEEN S. TAYLOR

*admitted in NY and Washington, D.C.;
not admitted in CO

TECHNICAL SPECIALISTS
DENNIS J. DUPRAY, Ph.D.
ANGELA DALLAS SEBOR, Ph.D.
MATTHEW R. ELLSWORTH
BRIAN J. IGNAT

May 4, 2007

Natalie Hanlon-Leh, Esq.
Faegre & Benson
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203-4532

**SENT VIA E-MAIL**

Re:     Copyright Infringement Allegations by R.W. Beck
        Our File No. 5683-1

Dear Ms. Hanlon-Leh:

This letter is responsive to your recent communications alleging infringement of R.W. Beck copyrights by E3 Consulting ("E3"). You have compared an excerpt from E3's "Independent Engineer's Report for the Windsor Financing, LLC Project" dated February 2006 (the "Windsor Report") with an excerpt from R.W. Beck's "Independent Engineer's Report Orange Cogeneration Limited Partnership Project" dated 1997 (the "Orange Report"). Apparently based solely on this comparison, R.W. Beck broadly alleges that E3 has engaged in copyright infringement, unfair competition and other allegedly unlawful actions. Our investigations and analysis reveal that these allegations are meritless.

Simply comparing the excerpts from the Windsor Report and the Orange Report is legally inappropriate and insufficient for purposes of concluding copyright infringement. To prevail on its claim of copyright infringement, R.W. Beck would have to establish: (1) that it possesses a valid copyright;[1] and (2) that there has been "copying" of protectable elements of that copyright. Country Kids 'N Slicks, Inc. v. Sheen, 77 F.3d 1280, 1284 (10th Cir 1996). "'Copying' is regularly used as a shorthand to refer to the infringement of a copyright holder's exclusive rights under a copyright." Id. at 1284 n.2. Thus, a mere act of copying does not end the inquiry. Rather, for liability to attach, there must be a substantial similarity between those aspects of R.W. Beck's Orange Report that are legally protectable and E3's allegedly infringing Windsor Report. Id. at 1284; Churchill Livingstone, Inc. v. Williams & Wilkins, 949 F. Supp.

---

[1] For purposes of this analysis, we will presume the validity of R.W. Beck's alleged copyrights.

Natalie Hanlon-Leh, Esq.
May 4, 2007
Page 2

1045, 1053 (S.D.N.Y. 1996). To make this determination, the so-called "abstract-filtration-comparison" test is applied. Country Kids 'N Slicks, Inc., 77 F.3d at 1284.

Under the abstraction-filtration-comparison test, non-copyrightable ideas are first abstracted from the expression. Id. at 1285. After abstraction, unoriginal elements of R.W. Beck's Orange Report must be filtered out. Id. What remains is then compared with the Windsor Report to determine if the two are substantially similar. Id.

For the sake of brevity, we have not performed any abstraction of R.W. Beck's Orange Report. However, we note that "where the protected work and the accused work express the same idea, the similarity that inevitably stems solely from the commonality of the subject matter is not proof of unlawful copying." Durham Industries, Inc. v. Tomy Corp., 630 F.2d 905, 913 (2d Cir. 1980). Because the Windsor Report and Orange Report are both directed to the same subject matter and same audience there are basic similarities which stem from idea rather than expression. If necessary, these ideas would first be abstracted from the Orange Report.

Turning to the filtration step, E3 has located a 1993 report by Black & Veatch in which very similar language is utilized. A copy is included herewith. The excerpt from the Orange Report was drafted using this 1993 Black & Veatch report as a template.[2] Therefore, elements originally found in the Black & Veatch report must be filtered from the Orange Report as unoriginal.

Comparing the remaining expression to the Windsor Report reveals that there is, at best, only a nominal similarity between the protectable elements of the Orange Report. A word-by-word comparison of the two excerpts is included herewith. As you will see, out of a total of approximately 1500 words in the excerpt from the Orange Report, only 319 words, or about 20%, are the same in the excerpt from E3's Windsor Report (that text is shown in black). Highlighted in yellow is the text originating from the 1993 Black & Veatch report. Once this highlighted text is filtered, only 103 words (the black text that is not highlighted), or less than 7% are the same. Since the registered Orange Report constitutes a much larger document, the actual degree of similarity between the two reports is substantially less. See Churchill Livingstone, Inc., 949 F. Supp. at 1053 ("[I]f the similar material in Defendant's work is not a substantial part of Plaintiff's work, there is no substantial similarity and hence no infringement.").

This remaining text is also unprotectable under the *scenes a faire* doctrine which prohibits copyright protection for expressions that are standard, stock or common to a particular subject matter or dictated by external factors. See, e.g., R. Ready Productions, Inc. v. Cantrell, 85 F. Supp. 2d 672, 687 (S.D. Tex. 2000). Alternatively, this remaining text is unprotectable

---

[2] It is our understanding that Mr. Paul Plath utilized the 1993 Black & Veatch report in drafting the subject language for the "Independent Engineer's Report: Sacramento Power Authority Cogeneration Project."

Natalie Hanlon-Leh, Esq.
May 4, 2007
Page 3

under the Merger doctrine which prohibits copyright protection for expression in circumstances that would confer a monopoly over an idea. Country Kids 'N City Slicks, Inc., 77 F.3d at 1285. We are also confident that the trivial similarity between the Windsor Report and the Orange Report would be considered *de minimus* and, therefore, non-infringing. See, e.g., Davis v. The Gap, Inc., 246 F.3d 152, 172-73 (2d Cir. 2001).

There is no reasonable basis for R.W. Beck's copyright infringement and other allegations. Please be advised, therefore, that in the event R.W. Beck chooses to proceed with its threatened litigation, E3 is prepared to pursue all available claims and remedies relating to the assertion of these baseless allegations, including the award of its attorneys' fees and costs pursuant to 17 U.S.C. § 505 and/or Fed. R. Civ. P. 11.

Notwithstanding, E3 would rather amicably resolve any dispute with R.W. Beck without resort to litigation. Therefore, if anything remains in dispute, E3 proposes a face-to-face meeting between appropriate representatives so that possibilities for resolution can be frankly discussed. If such a meeting is still necessary, please let me know. I may be reached directly at 303.863.2991.

Sincerely,

SHERIDAN ROSS P.C.

Benjamin B. Lieb

BL/kmh
c:     E3 Consulting
       Scott R. Bialecki, Esq.

J:\5683\-1\Let - N. Hanlon-Leh 006.doc