IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:07-cv-01378-RPM-BNB

R.W. BECK, INC.,
a Washington corporation,

      Plaintiff,

v.

E3 CONSULTING, LLC,
a Colorado limited liability company,

      Defendant.

---

**E3 CONSULTING, LLC'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION PURSUANT TO RULE 56(f) TO DENY
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR TO HOLD
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
IN ABEYANCE [DOCUMENT NO. 10]**

---

| | |
|---|---|
| DATED:  October 1, 2007 | Benjamin B. Lieb |
| | Scott R. Bialecki |
| | Ian R. Walsworth |
| | SHERIDAN ROSS P.C. |
| | 1560 Broadway, Suite 1200 |
| | Denver, Colorado  80202 5141 |
| | Telephone:    303-863-9700 |
| | Facsimile:    303-863-0223 |
| | E mail:    blieb@sheridanross.com |
| | sbialecki@sheridanross.com |
| | iwalsworth@sheridanross.com |
| | litigation@sheridanross.com |
| | |
| | ATTORNEYS FOR DEFENDANT |
| | E3 CONSULTING, LLC |

**TABLE OF CONTENTS**

                                                                **Page**

I.    BACKGROUND TO E3'S MOTION TO DISMISS ....................................................... 1

        A.    E3's Original Response To R.W. Beck's Groundless Allegations ............. 1

        B.    E3's Motion To Dismiss R.W. Beck's Complaint ..................................... 2

                1.    R.W. Beck's Copyright Infringement Claim ...................... 2

                2.    R.W. Beck's Unfair Competition and Unjust Enrichment Claims ............................................................ 3

                3.    R.W. Beck's Colorado Consumer Protection Act Claim ...................................................................... 3

II.   R.W. BECK'S RULE 56(f) MOTION IS MERITLESS ....................................... 4

        A.    R.W. Beck's Rule 56(f) Affidavit Is Deficient .......................................... 4

        B.    No Discovery Should Be Granted To Oppose E3's Motion To Dismiss ................................................................................................ 5

                1.    R.W. Beck's Copyright Infringement Claim can be Evaluated on the Existing Record ...................................... 5

                2.    R.W. Beck has Admitted that its Unjust Enrichment and Unfair Competition Claims are Preempted ................. 6

                3.    Discovery Regarding R.W. Beck's C.C.P.A. Claim is Unnecessary ....................................................... 8

        C.    R.W. Beck Seeks A Fishing Expedition .................................................... 9

III.  R.W. BECK'S RULE 56(f) MOTION SHOULD BE DENIED ......................................... 9

## TABLE OF AUTHORITIES

### CASES

Page(s)

Daley v. Gorajec,
    No. 06-1493, 2007 U.S. Dist. LEXIS 57842 (S.D. Ind. Aug. 7, 2007) ...... 4, 7-9

Davis v. G.N. Mortg. Corp.,
    396 F.3d 869 (7th Cir. 2005) ............................................................................ 9

Ehat v. Tanner,
    780 F.2d 876 (10th Cir. 1985) ........................................................................... 7

Harolds Stores v. Dillard Dep't Stores,
    82 F.3d 1533 (10th Cir. 1996) ........................................................................... 8

Hutchins v. Zoll Med. Corp.,
    No. 06-1539, 2007 U.S. App. LEXIS 15809 (Fed. Cir. July 3, 2007) ............... 7

Jones v. City and County of Denver,
    854 F.2d 1206 (10th Cir. 1988) ..................................................................... 4, 9

Neitzke v. Williams,
    490 U.S. 319 (1989) ......................................................................................... 7

Netquote, Inc. v. Byrd,
    No. 07-630, 2007 U.S. Dist. LEXIS 60219 (D. Colo. Aug. 15, 2007) .............. 7

Phillips v. Pepsi Bottling Corp.,
    No. 05-01322, 2007 U.S. Dist. LEXIS 10201 (D. Colo. Feb. 13, 2007) ....... 4, 9

Price v. W. Resources, Inc.,
    232 F.3d 779 (10th Cir. 2000) .................................................................. 4, 6, 8

Stanislawski v. Jordan,
    337 F. Supp. 2d 1103 (E.D. Wis. 2004) ........................................................... 7

Virtual Cloud Servs., Inc. v. CH2M Hill, Inc.,
    No. 02-1004, 2006 U.S. Dist. LEXIS 9537 (D. Colo. Feb. 21, 2006) ............... 7

 **Page(s)**

Wolf v. Nw. Ind. Symphony Soc'y,
   250 F.3d 1136 (7th Cir. 2001) ....................................................................................... 7

## STATUTES AND RULES
 **Page(s)**

Colo. Rev. Stat. § 6-1-101 *et seq.* ........................................................................................ 3

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 2

Fed. R. Civ. P. 56(f) ........................................................................................................... 1

E3 Consulting, LLC ("E3"), has moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss all four claims asserted in Plaintiff R.W. Beck, Inc.'s ("R.W. Beck") Complaint. Instead of substantively responding to the merits of E3's Motion to Dismiss, R.W. Beck seeks leave, pursuant to Fed. R. Civ. P. 56(f), to take what is essentially full discovery on all of its asserted claims before being required to respond to E3's Motion to Dismiss. (See Plaintiff's Rule 56(f) Motion [Document No. 10] ("Rule 56(f) Motion").) As further explained below, R.W. Beck has not met its burden under Rule 56(f) with regard to its asserted need for discovery for its copyright infringement and Colorado Consumer Protection Act claims and, in any event, does not need any such discovery. Further, R.W. Beck's unjust enrichment and unfair competition claims are admittedly preempted under federal copyright law, need no discovery, and should be immediately dismissed as a matter of law.

## I.  BACKGROUND TO E3'S MOTION TO DISMISS

### A.  E3's Original Response To R.W. Beck's Groundless Allegations

In December of 2006, R.W. Beck first contacted E3 and alleged that E3 had engaged in copyright infringement and unfair competition based upon an E3 engineering report known as the "Windsor Report." After conducting an investigation, E3 responded to R.W. Beck's allegations via letter on May 4, 2007. (Motion to Dismiss [Document No. 8], Ex. 1.) In that letter, E3 provided a detailed explanation as to why the Windsor Report could not infringe upon any R.W. Beck copyrights and why there was no reasonable basis for R.W. Beck's allegations. (Id.) As part of that detailed explanation, E3 identified a 1993 report by Black & Veatch Corporation ("Black & Veatch"), provided a copy thereof to R.W. Beck, and explained that the Black & Veatch Report had

been used by Mr. Paul Plath, a former R.W. Beck and current E3 employee, in drafting the language for another R.W. Beck report that is earlier but virtually identical to the Orange Report.  (Id.) Apparently without conducting any investigations surrounding the Black & Veatch Report, R.W. Beck filed its Complaint on June 29, 2007, asserting claims against E3 for copyright infringement, unfair competition, unjust enrichment and violation of the Colorado Consumer Protection Act, all based upon E3's Windsor Report.  (Complaint [Document No. 1], pp. 4-6.)

### B.    E3's Motion To Dismiss R.W. Beck's Complaint

On August 22, 2007, E3 moved to dismiss all claims of R.W. Beck's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]  While E3's Motion to Dismiss contains factual background concerning, among other things, the creation of the various reports at issue, most of these facts are presented only for context and, as explained below, are not necessary to deciding the issues presented by E3's Motion to Dismiss.

#### 1.    R.W. Beck's Copyright Infringement Claim

R.W. Beck has only identified the Windsor Report to support its copyright infringement claim.[2]  (Complaint, pp. 4-5.)  E3 has conclusively demonstrated in its Motion to Dismiss that the vast majority of the material that has been allegedly copied in the Windsor Report finds its genesis in the earlier Black & Veatch Report and is not original to any of R.W. Beck's reports.  Any

---

[1] For the sake of brevity, E3 refers the Court to its Motion to Dismiss for a complete discussion of the reasons requiring dismissal of R.W. Beck's claims.

[2] E3 is not unmindful of the fact that R.W. Beck has asserted in its Rule 56(f) Motion that its claims are potentially based upon other E3 reports.  However, if there has been no wrongdoing with respect to the Windsor Report, then the Windsor Report cannot form the direct basis for any of R.W. Beck's claims.  Nor can it be the basis for informed belief of any wrongdoing.

remaining similarity between E3's Windsor Report and any original, protectable material in R.W. Beck's reports is insubstantial, i.e., less than 130 words out of tens of thousands of words, and not actionable. (Motion to Dismiss, pp. 7-10.) No discovery is needed by R.W. Beck to resolve E3's Motion to Dismiss with regard to the copyright infringement claim. The Court need only compare the allegedly copied language from the Windsor Report and R.W. Beck's reports against the earlier Black & Veatch Report of which the Court may take judicial notice. (Id.)

### 2. R.W. Beck's Unfair Competition and Unjust Enrichment Claims

R.W. Beck's unfair competition and unjust enrichment claims, as pled, are indistinguishable from R.W. Beck's copyright infringement claim. E3 seeks dismissal of these claims because, as equivalent claims, they are preempted by federal copyright law. There are no factual issues that need to be addressed in order for the Court to dismiss these two claims under Rule 12(b)(6). (Motion to Dismiss, pp. 10-11.)

### 3. R.W. Beck's Colorado Consumer Protection Act Claim

R.W. Beck's fourth claim is for an alleged violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq*. ("C.C.P.A."). (Complaint, ¶¶ 29-35.) E3 seeks to dismiss this claim for two reasons. First, the claim has been insufficiently pled. Second, R.W. Beck will not be able to prove the requisite element of "a significant impact upon the public" because the Windsor Report forms part of a private transaction between highly sophisticated entities and was not distributed to the public. (Motion to Dismiss, pp. 12-15.) As a matter of law, the Windsor Report simply cannot have any effect on consumers that would satisfy the C.C.P.A.'s significant public impact element. This is particularly so given that there are less than 130 words in common

between the Windsor Report and any original, protectable material in R.W. Beck's reports and those words form common, functional phrases. (Id., p. 9, fn. 8.) There is no need for any additional discovery on this issue.

## II.     R.W. BECK'S RULE 56(f) MOTION IS MERITLESS

### A.     R.W. Beck's Rule 56(f) Affidavit Is Deficient

R.W. Beck cannot simply invoke Rule 56(f) as a shield to block E3's Motion to Dismiss without adequate support for its position. Daley v. Gorajec, No. 06-1493, 2007 U.S. Dist. LEXIS 57842, at *15 (S.D. Ind. Aug. 7, 2007). In order to be granted its requested relief, R.W. Beck's Rule 56(f) Affidavit must, *inter alia*, explain why facts precluding summary judgment cannot be presented, identify probable facts not available and elaborate on what steps have been taken to obtain those facts. Price v. W. Resources, Inc., 232 F.3d 779, 783 (10th Cir. 2000) (emphasis added); see also Phillips v. Pepsi Bottling Corp., No. 05-01322, 2007 U.S. Dist. LEXIS 10201, at *6-8 (D. Colo. Feb. 13, 2007). R.W. Beck's Rule 56(f) Affidavit is only entitled to liberal treatment if it is not dilatory or meritless. Jones v. City and County of Denver, 854 F.2d 1206, 1210 (10th Cir. 1988). Indeed, R.W. Beck's conclusory Rule 56(f) Affidavit offers no rationale as to why relevant facts cannot be presented and what it steps, if any, have been taken to try to gather any information that it now seeks through its proposed discovery. This is particularly troubling given the fact that R.W. Beck had an obligation to properly investigate the bases for its claims and has known for months about the Black & Veatch report and E3's explanation for any similarity between the Windsor Report and any R.W. Beck reports. For failing to provide this required explanation, R.W. Beck's Rule 56(f) Motion should be denied.

### B. No Discovery Should Be Granted To Oppose E3's Motion To Dismiss

It is not surprising that R.W. Beck is unable to make the necessary showing for the need of discovery under Rule 56(f) because, in fact, no discovery is necessary for R.W. Beck to respond to E3's Motion to Dismiss.

#### 1. R.W. Beck's Copyright Infringement Claim can be Evaluated on the Existing Record

With respect to whether R.W. Beck's copyright infringement claim, the only issue that needs to be addressed by R.W. Beck is whether there is any substantial similarity between E3's Windsor Report and any original, protectable material in R.W. Beck's reports. (Motion to Dismiss, pp. 8-10.) R.W. Beck already has all the information that it needs to respond on this issue. It has a copy of the allegedly infringing Windsor Report, copies of its own reports, and a copy of the Black & Veatch Report. R.W. Beck has failed to provide any explanation of why it cannot respond to E3's Motion to Dismiss using this information, and R.W. Beck has not even acknowledged that this is the issue raised for decision with respect to R.W. Beck's copyright infringement claim.[3]

Further, while R.W. Beck claims that it needs to take discovery concerning the Black & Veatch Report, it has not provided any explanation as to what investigations it has completed or why

---

[3] Instead, R.W. Beck has fabricated two red herring issues allegedly needing discovery. First, R.W. Beck claims that E3 has asserted that the Windsor Report was copied from the Black & Veatch Report or the result of independent creation. (Rule 56(f) Motion, ¶ 9.) E3 makes neither claim and essentially presumes copying for purposes of its Motion to Dismiss. (See Motion to Dismiss, pp. 8-10.) Second, R.W. Beck claims that E3 has challenged the validity of R.W. Beck's copyrights. This claim ignores E3's express presumption of the validity of R.W. Beck's alleged copyrights for purposes of its Motion to Dismiss. (Motion to Dismiss, p. 8, fn. 5.) No discovery is needed on either of these red herring issues.

it could not accomplish these investigations prior to filing the Complaint.[4] R.W. Beck asserts that this discovery is necessary for it to determine whether "the Black & Veatch report is merely a copy of a prior R.W. Beck report – not vice versa." (Rule 56(f) Motion, p. 4.) However, any prior R.W. Beck report should already be in R.W. Beck's possession. If so, R.W. Beck is in a position to demonstrate that the Black & Veatch Report has been copied without need of any discovery. At a minimum, R.W. Beck has an obligation under Rule 56(f) to come forward with an explanation of what efforts it has made to locate any of its own reports and why it needs additional time to do so. Price, 232 F.3d at 783.

R.W. Beck's conclusory assertions that it needs to take discovery on various issues before responding to E3's request to dismiss its copyright infringement claim do not satisfy R.W. Beck's burden under Rule 56(f). R.W. Beck's request for such discovery should be denied.

### 2. R.W. Beck has Admitted that its Unjust Enrichment and Unfair Competition Claims are Preempted

E3 seeks to dismiss R.W. Beck's unjust enrichment and unfair competition claims under Rule 12(b)(6) because, as pled, those claims are indistinguishable from R.W. Beck's copyright infringement claim and preempted as a matter of law. (Motion to Dismiss, pp. 10-11.) R.W. Beck has admitted that its unfair competition and unjust enrichment claims are based on the alleged copying of R.W. Beck's registered works. (Rule 56(f) Motion, p. 4 ("The underlying factual basis for those claims is not only that E3 Consulting copied R.W. Beck's reports. . . .")) Hence, the Court need not consider any materials outside of the Complaint on this issue and may make this

---

[4] Importantly, it does not appear that R.W. Beck challenges the authenticity of the Black & Veatch Report or the fact that it was published in 1993.

determination under Rule 12(b)(6), rendering R.W. Beck's Rule 56(f) Motion moot on this issue. See Wolf v. Nw. Ind. Symphony Soc'y, 250 F.3d 1136, 1145 (7th Cir. 2001).  Indeed, based on R.W. Beck's admission alone, the Court should immediately dismiss R.W. Beck's unjust enrichment and unfair competition claims because these claims are preempted by federal copyright law.  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Ehat v. Tanner, 780 F.2d 876, 877-79 (10th Cir. 1985).

In an attempt to save its unfair competition claim, R.W. Beck now asserts that E3 somehow deceived its customers and potential customers. (Rule 56(f) Motion, ¶ 12.)  This new theory has not been alleged in R.W. Beck's Complaint[5] and is an inappropriate basis for its Rule 56(f) request. Daley, 2007 U.S. Dist. LEXIS 57842, at *16.  Moreover, even if this new theory were sufficiently pled, the claim would be limited to a protectable property or proprietary interest in R.W. Beck's reports.  Virtual Cloud Servs., Inc. v. CH2M Hill, Inc., No. 02-1004, 2006 U.S. Dist. LEXIS 9537, at *12, 13 (D. Colo. Feb. 21, 2006).  E3 has already demonstrated that no such claim could exist because the Windsor Report does not contain any protectable or proprietary material belonging to R.W. Beck upon which such a claim could be based.  There are less than 130 words in common with any protectable material in the R.W. Beck reports.  These common, functional phrases cannot be protectable as a matter of law.  Hutchins v. Zoll Med. Corp., No. 06-1539, 2007 U.S. App. LEXIS 15809, at *14-15 (Fed. Cir. July 3, 2007); Stanislawski v. Jordan, 337 F. Supp. 2d 1103, 1111 (E.D. Wis. 2004).

---

[5] With regard to R.W. Beck's unfair competition claim (Complaint, ¶¶ 1-28), there is no allegation of a likelihood of public confusion or deception.  See Netquote, Inc. v. Byrd, No. 07-630, 2007 U.S. Dist. LEXIS 60219, at *9 (D. Colo. Aug. 15, 2007).

With respect to its unjust enrichment claim, R.W. Beck now asserts that this claim is also based upon alleged taking of report copies by certain former R.W. Beck employees who now work for E3. (Rule 56(f) Motion, p. 4.) Even so, this allegation is merely a duplicative element of its copyright infringement claim. Harolds Stores v. Dillard Dep't Stores, 82 F.3d 1533,1543 (10th Cir. 1996) (Proper copyright preemption analysis "compares the elements of the causes of action, not the facts pled to prove them.") Further, R.W. Beck provides no explanation of how any taking of reports transforms its unjust enrichment claim which, as pled, is expressly limited to alleged copying.[6] (Complaint, ¶¶ 36-39.)

### 3. Discovery Regarding R.W. Beck's C.C.P.A. Claim is Unnecessary

R.W. Beck has made unqualified allegations of a significant impact upon the public in support of its C.C.P.A. claim. (Complaint, ¶¶ 33-34.) As such, Rule 11 requires that R.W. Beck must already have some evidentiary support for these allegations. But R.W. Beck has failed to provide any explanation as to why the evidence already in its possession is insufficient to respond to E3's Motion to Dismiss. In addition, R.W. Beck has failed to provide the required explanation of what attempts it has made to collect additional evidence. Price, 232 F.3d at 783. This is not surprising, as there can be no significant public impact associated with dissemination of E3's Windsor Report. (Motion to Dismiss, pp. 14-15.)

---

[6] R.W. Beck seems to be interested in fishing for evidence in support of its newly-asserted theories supporting its unjust enrichment and unfair competition claims. (Rule 56(f) Motion, ¶ 14.) This is an inappropriate request under Rule 56(f). Daley, 2007 U.S. Dist. LEXIS 57842, at *16.

8

As a self-described "leading provider of Independent Engineer's Reports and similar technical reports" (Complaint, p. 2), R.W. Beck already knows that the Windsor Report was generated and distributed as part of a bond offering regulated by the SEC. (Motion to Dismiss, p. 14.) R.W. Beck's speculation as to who could have received the Windsor Report, when R.W. Beck knows that there are specific regulations as to the types of entities that can receive this information (see Id.), is disingenuous. No further discovery is needed; R.W. Beck's Motion should be denied with regard to its C.C.P.A. claim.

### C. R.W. Beck Seeks A Fishing Expedition

R.W. Beck "must do more than request a 'fishing expedition' to hopefully find evidence that will allow them to make a case." Daley, 2007 U.S. Dist. LEXIS 57842, at *16 (citing Davis v. G.N. Mortg. Corp., 396 F.3d 869 (7th Cir. 2005). Relief should not be granted where the proposed discovery is not directed to the issues which E3 contends are ripe for decision. Jones, 854 F.2d at 1211. Indeed, much of the requested discovery, e.g., E3's profits, business practices and standards, alleged copying from other sources, general use of "boilerplate" language, etc., is not necessary to opposing E3's Motion to Dismiss. However, should the Court determine that R.W. Beck is entitled to any discovery before responding to E3's Motion to Dismiss, R.W. Beck should not be given *carte blanche*. The Court should limit the discovery to only the issues that are presented for decision in E3's Motion to Dismiss. Phillips, 2007 U.S. Dist. LEXIS 10201, at *10.

### III.   R.W. BECK'S RULE 56(f) MOTION SHOULD BE DENIED

R.W. Beck has failed to meet its burden under Rule 56(f) with regard to its asserted need for discovery to respond to E3's Motion to Dismiss. As demonstrated above, R.W. Beck needs no such

discovery with respect to its copyright infringement and C.C.P.A. claims. With respect to R.W. Beck's unjust enrichment and unfair competition claims, R.W. Beck's admission that those claims are based on alleged copying by E3 requires that the Court immediately dismiss those claims because they are preempted under federal copyright law. No discovery is necessary. For these reasons, as further set forth above, E3 respectfully requests that the Court deny R.W. Beck's Rule 56(f) Motion in its entirety, dismiss R.W. Beck's unjust enrichment and unfair competition claims, and order R.W. Beck to immediately respond to E3's pending Motion to Dismiss with respect to R.W. Beck's copyright infringement and C.C.P.A. claims. R.W. Beck should not be permitted to embark on a fishing expedition for facts to support its claims when it should already have sufficient facts, if any exist, to respond to E3's Motion to Dismiss.

DATED: October 1, 2007.                                Respectfully submitted,

                                                By:   s/ Benjamin B. Lieb
                                                      **Benjamin B. Lieb**
                                                      **Scott R. Bialecki**
                                                      **Ian R. Walsworth**
                                                      SHERIDAN ROSS P.C.
                                                      1560 Broadway, Suite 1200
                                                      Denver, Colorado 80202-5141
                                                      Telephone:   303-863-9700
                                                      Facsimile:   303-863-0223
                                                      E-mail:   blieb@sheridanross.com
                                                                sbialecki@sheridanross.com
                                                                iwalsworth@sheridanross.com
                                                                litigation@sheridanross.com

                                                ATTORNEYS FOR DEFENDANT
                                                E3 CONSULTING, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

Natalie Hanlon-Leh, Esq.
Mary V. Sooter, Esq.
Faegre & Benson
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203-4532
Telephone:    303-607-3500
E-mail:    nhanlon-leh@faegre.com
             msooter@faegre.com

    s/ Kristin M. Heil
Kristin M. Heil
Assistant to Benjamin B. Lieb
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone:    303-863-9700
Facsimile:    303-863-0223
E-mail:    kheil@sheridanross.com
             litigation@sheridanross.com

J:\5683\-1\Pleadings\E3 Response in Opposition v.2.wpd