# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action NO. 07-cv-1378-RPM

R. W. BECK,  a Washington Corporation,

      Plaintiff,

v.

E3 CONSULTING, a Colorado LLC,

      Defendant.

_____

**R. W. BECK'S SUR-REPLY TO E3'S REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**
_____

      Plaintiff R. W. Beck ("R. W. Beck"), by and through its undersigned counsel, hereby

submits this brief Sur-Reply in Opposition to E3's Reply in Further Support of its Motion to

Dismiss All Claims of R.W. Beck's Complaint[1] ("E3's Reply") to address newly-raised

arguments contained therein.

      E3 suggests that R.W. Beck "tacitly conceded" the Orange and Sacramento Reports are

derivative works by putting forth facts demonstrating that the Black & Veatch Report is not the

source of the copyright in the Orange and Sacramento reports, and as a result, does not have a

viable copyright claim.  E3 is wrong on both counts.  The Copyright Act defines a "derivative

work" as follows:

      A work based upon one or more pre-existing works, such as a translation,
      fictionalization, motion picture version, sound recording, art reproduction,

---

[1] Originally styled its motion as a Motion to Dismiss pursuant to Rule 12(b)(6), the Court converted E3's
Motion to one for summary judgment pursuant to its Order dated August 23, 2007.  [Doc. # 9].

abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a derivative work.

*See* 17 U.S.C. § 101.

E3 does not even bother to cite, let alone apply, this definition in its argument.  More importantly, E3 fails to recognize that to constitute a "derivative work," the work must have been "substantially copied" from a prior work.  *See Mulcahy v. Cheetah Learning, LLC,* 386 F.3d 849, 853 (8th Cir. 2004) (citing 2 *Nimmer on Copyright* § 8.09[A], p. 8-138 (2004)) ("Unless sufficient of the pre-existing work is contained in the later work so as to constitute the latter an infringement of the former, the latter by definition is not a derivative work."); *see also Litchfield v. Spielberg,* 736 F.2d 1352, 1357 (9th Cir.1984) ("A work is not derivative unless it has been substantially copied from the prior work.").  Indeed, if the Court were to accept E3's argument, it would be embarking on a slippery slope in that one could point to nearly any work and accuse it of being "derivative" to some degree of preexisting material:

> In truth, in literature, in science and in art, there are, and can be, few, if any, things which, in an abstract sense, are strictly new and original throughout. Every book in literature, science and art, borrows and must necessarily borrow, and use much which was well known and used before.

*Lotus Devel. Corp. v. Paperback Software Intern*., 740 F. Supp. 37, 77 (D. Mass. 1990) (quoting *Emerson v. Davies,* 8 F. Cas. 615, 619 (C.C.D. Mass.1845) (No. 4,436) (Story, J.)).

More importantly in the context of its Motion, E3 has not demonstrated the absence of genuine issues of material fact as to this new "derivative works" argument.  Even assuming this argument was raised in E3's Motion, which it was not, E3 is not entitled to judgment on RW Beck's copyright claim, as whether an alleged work, derivative or otherwise, "substantially

copied" from a prior work is an inherently factual question. *See Mulcahy*, 386 F.3d at 853

(infringement and derivative work tests are "similar"); *see also Country Kids 'N City Slicks v.*

*Sheen*, 77 F.3d 1280, 1288 (10th Cir. 1996) ("Test is whether the 'ordinary observer, unless he

set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic

appeal as the same.'").

E3 additionally asserts, without any factual or evidentiary support, that certain earlier

works of R.W. Beck have passed into the public domain. *See* E3's Reply at 3, n.3. As an initial

matter, such works have not passed into the public domain. Furthermore, at a minimum, this

argument presents a genuine issue of material which precludes summary judgment.[2]

For the reasons set forth herein, and in R.W. Beck's Opposition, there exist genuine

issues of material fact with respect to each of four claims asserted by Plaintiff R. W. Beck, Inc.

in its Complaint. Accordingly, E3's Motion for Summary Judgment should be denied.

Dated: December 21, 2007.

s/ *Natalie Hanlon-Leh*
Natalie Hanlon-Leh
Mary V. Sooter
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
303-607-3500
nhanlon-leh@faegre.com
msooter@faegre.com
ATTORNEYS FOR PLAINTIFF

---

[2] Interestingly, in a footnote, E3 tells the Court that it would be "improper" not to treat E3's preemption argument as a motion under Rule 12, despite the Court's conversion of E3's Motion to a Rule 56 Motion. If this is indeed E3's position, the proper procedure was to seek reconsideration of the Court's Order, instead of seeking piecemeal conversion of its Motion in an effort to manipulate the standard of review in E3's favor. Any current request by E3 for reconsideration of the Court's order converting its Motion to Dismiss to one for summary judgment is untimely and should be denied.

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2007, I electronically filed the foregoing **R. W. BECK'S SUR-REPLY TO E3'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS ALL CLAIMS OF R.W. BECK'S COMPLAINT** with the Clerk of the Court using the CM/ECF systems which will send notification of such filing to the following e-mail addresses:

Benjamin B. Lieb (blieb@sheridanross.com)
Scott R. Bialecki (sheridanross.com)
SHERIDAN ROSS, P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141

s/ *Natalie Hanlon-Leh*

fb.us.2498549.01